**JOCELYN WONG**
7907 Carson Creek Street
Las Vegas, Nevada 89113
P: 702.477.5238
E: cjkkwong@gmail.com

*Pro Per*

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 13 2020

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOCELYN WONG, an Individual,

Plaintiff,

v.

SOUTHERN NEVADA REGIONAL HOUSING
AUTHORITY, a Nevada Quasi-Governmental
Agency; DOES 1 through 25, inclusive; and
ROE CORPORATIONS 1 through 25, inclusive,

Defendants.

# 2:20-cv-01910-JAD-VCF

## COMPLAINT

JURY TRIAL REQUESTED

COMES NOW, Plaintiff, JOCELYN WONG, *pro per*, complains, alleges and avers as follows:

…

…

…

…

…

…

…

*1 | Wong Complaint 2020*

## JURSIDICTION AND VENUE

1. This is a civil complaint brought in United States District Court under Federal and Nevada state statutes prohibiting discrimination in order to secure protection and redress deprivation of rights under these laws.

2. Plaintiff's statutory claims arise under including but not limited to Title VII of the Civil Rights Acts of 1964 ("Title VII"), as amended and codified as, 42 U.S.C. §2000e-2 *et seq.* and The Americans with Disabilities Act of 1990, as amended and codified as, 42 U.S.C. §12101, *et. seq.*

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1331.

4. This action, also, includes two claims arising out of Nevada state law, which is joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. §1367(a).  Plaintiff asserts she was and continues to be treated disparately, subjected to discriminatorily hostile work environment as well as retaliation due to her disability which is strictly prohibited by the Civil Rights Acts of 1964 ("Title VII") and The Americans with Disability Act.

5. Jurisdiction in this case is also proper pursuant to N.R.S. 14.065.

6. This Court has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

7. As Plaintiff's employer, during the relevant time period, Defendant, SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY (hereinafter referred to as "Defendant SNRHA") is a Nevada Quasi-Governmental Agency operating within the County of Clark, State of Nevada and employing persons within the State of Nevada.

8. Plaintiff filed her Complaint of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on December 05, 2019. After an initial interview, on May 05, 2020, Plaintiff filed her Charge of Discrimination with the EEOC (*hereto attached as* **Exhibit 1 –Charge of Discrimination**).

9. Plaintiff received a copy of her "Notice of Rights" (for charge #487-2020-00470) dated August 12, 2020.  In fulfillment of all jurisdictional requirements for the filing of this suit, including filing of this lawsuit within 90 days of her receipt of the August 12, 2020 Right To Sue Notice. (*hereto attached as* **Exhibit 2 –Right To Sue Notice**)

10. Venue is proper in the District of Nevada pursuant to 28 U.S.C. §1391(b) because the claimed unlawful employment practices were committed in and arose in the District of Nevada.

## PARTIES

11. Plaintiff, Jocelyn Wong, at all times relevant to this Complaint, is a resident of Clark County, Nevada and at all times herein began her employment with Defendant Southern Nevada Regional Housing Authority in or around August 1, 2006.

12. Defendant SNRHA is an employer within the meaning of Title VII of the Civil Rights Act of 1964, and The Americans with Disabilities Act. Defendant SNRHA is a Nevada Quasi-Governmental Agency conducting business in Clark County, Nevada, and the unlawful employment practices stated below were committed within the State of Nevada.

13. As an employer in Nevada, Defendant SNRHA is required to comply with all state and federal statutes, which prohibit harassment, discrimination and retaliation based on an individual's disability.

14. DOE Defendants 1 through 25, inclusive, and ROE CORPORATIONS, 1 through 25, inclusive, are persons, corporations or business entities who are or which may also be responsible for or who directed or assisted in the wrongful actions of the named Defendants.  The true identities of the DOE Defendants and ROE CORPORATIONS are unknown to Plaintiff at this time.  Plaintiff therefore alleges that DOES 1-25, inclusive, and ROE CORPORATIONS 1-25, inclusive, may be responsible in part for damages or injuries suffered by Plaintiff as a result of their own wrongful actions and/or those of their agents and/or employees.  Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE and ROE Defendants I-X, inclusive, are revealed to Plaintiff.

15. At all times relevant hereto, Plaintiff was employed by Defendant SNRHA who operates in Clark County, Nevada.

## GENERAL ALLEGATIONS

16. Plaintiff Jocelyn Wong ("Jocelyn") is a current employee of Southern Nevada Regional Housing Authority employed as an Accounting Specialist II.

17. Plaintiff began her employment with Clark County Housing Authority on August 1, 2006 as an Accounting Technician. In January of 2010, the Clark County Housing Authority merged with the City of Las Vegas Housing Authority and became Southern Nevada Regional Housing Authority ("SNRHA").

18. This matter involves Jocelyn, a woman of Vietnam and Chinese descent, whom during her years of employment dedication to Defendant SNRHA service oriented disposition.

19. Jocelyn proved to be an exemplary employee as well as an overall asset to the Defendant's Agency during her employment term which is evidenced by the outstanding evaluations and promotion that Jocelyn received from Defendant SNRHA over her 14 years of employment.

20. Jocelyn is now an Accounting Specialist II for the Defendant SNRHA and is assuredly qualified for additional advancement opportunities at SNRHA.

21. Despite Jocelyn's relentless dedication, during her employment, Defendant's, SNRHA, employees and management continues to subject Jocelyn to disparate treatment.

22. Despite, her dedication to the Agency, Defendant SNRHA allowed employees and management to blatantly discriminate against Jocelyn and subjected Jocelyn to different terms and conditions of employment than those similarly situated.

23. This matter begins and arises out of a series of discriminatory acts by Defendant SNRHA a Nevada state government housing agency whom is fully aware of the anti-discrimination laws of Nevada State and the Federal Government.

24. As a Quasi-Governmental Agency SNRHA has a pervasive system, policies and procedures that continuously violate basic and essential employment practices as dictated by the federal laws of the state and country.

25. In this case, in or around January 2019, an African-American woman was promoted to the Accountant position.

26. In August 2019, Jocelyn knowing about the Accountant began to inquire about the Accountant position and reclassification.

27. Nonetheless, most disappointingly, for the past eight (8) months, Jocelyn requested for a reclassification or promotion to the available Accountant position within the SNRHA on multiple occasions.

28. Jocelyn was undoubtedly and indeed qualified for the promotion to the Accountant position because of her tenure, her seniority as well as her previous experience, twice, filling the Accountant position as an Acting Accountant from June 24, 2008 to November 13, 2008 and again from April 08, 2009 to October 24, 2009.

29. In February 2020 the woman in the Accountant position was promoted to another position in a different department, thus, the Acting Accountant position *should have been* open and competitive for internal applications given that the fact that there was no employee in said position; hence the position was not open for a new internal employee.

30. Moreover, there *should have been* an Acting Accountant to fill the position until the proper hiring of the Accountant position was filled by the most eligible employee.

31. Jocelyn recognizing the open opportunity for an advance in her employment status, she continued to inquire regarding the Acting Accountant Position as well as a reclassification to at the very minimum fill the employment space after properly opening of the position, accepting application, interview and completing the normal policies and procedure for hiring.

32. Despite Jocelyn numerous requests for the alleged "unopen" position of Accountant and reclassification, SNRHA, snarly and wholly dishonestly responded to her requests by stating that "there was no internal or external vacancy announcement for the Accountant position."

33. That said misinformation was further substantiated by SNRHA's prior modus operandi whereby, two prior Financial Analysts were reclassified/promoted to the Accountant position foregoing formal application process.

34. Moreover, on January 30, 2020, SNRHA's Executive Director, Chad Williams ("Chad Williams"), sent a mass email that communicated to the SNRHA's staff members that the Accountant position would be reclassified to a Finance Manager position; thus vacating and eliminating the Accountant position.

35. This decision was decided and acted upon after Jocelyn had made numerous requests regarding the position and reclassification.

36. Most degradingly, when questioned regarding this inappropriate extinction of the Accountant position. Chad Williams rested upon the pretense of "restructuring the entire Finance Department."

37. Essentially, Chad Williams eliminated the Accountant position and reclassified said position to a Finance Manager position.

38. To add insult to injury, Chad Williams intentionally vacated the Accountant position to corruptly preclude his obligation place an employee in the Acting Accountant position; mainly because the two people whom would advance are non-African-American females.

39. It is clear that Chad Williams did not want to reclassify me to the position of Accountant because of his discriminatory directives and intent regarding the Accountant position.

40. It is obviously clear that Chad Williams and SNRHA discriminated against Jocelyn with overt disparate treatment.

41. Thereafter, it became apparent that Chad Williams purposefully vacated the Accountant position despite Jocelyn's continuum of requests to be reclassified to said position.

42. Here it is abundantly transparent that Chad Williams directly discriminated against Jocelyn in retaliation to my prior lawsuit against SNRHA as well as for my prior requests for reclassification/promotion.

43. Chad Williams continued repetitive hostile actions against Jocelyn which violated legal employment laws of a non-discriminatory and non-retaliatory work environment.

44. Further most egregiously, after Jocelyn's denial of reclassification/promotion, Chad Williams continued to engage in discriminatory conduct by blatantly giving preferential treatments to others thereby substantiating the disparate and hostile work environment for Jocelyn.

45. For instance, five African-American women co-workers were easily, with no hesitation reclassified and three received a promotion.

46. Most egregiously, SNRHA granted two employees, both, in the 113 range were promoted as Acting Accounting Specialist II which is range 117.

47. Yet, the two Accounting Specialist II, including Jocelyn, were denied the opportunity for the Acting Accountant. Most notably, these two women are non-African-American.

48. However, despite Jocelyn's qualification for the Accountant position, SNRHA denied her requests to apply and validly obtain said position.

49. Here, there is a lack of any credible evidence that will justify SNRHA failure to promote Jocelyn to the Accountant position.

50. SNRHA and Chad Williams to articulate a sufficient credible reason and explanation to the decision to deny and fail to promote Jocelyn to a well-known open Accountant position.

51. The dishonorable and unjustifiable refusal to promote Jocelyn is solely due to Jocelyn's race, national origin, disability, as well as retaliation.

52. Chad Williams purposeful vacated the Accountant position to prevent Jocelyn and the other non-African American woman from applying and obtaining said Accountant position; this discrimination at its worst.

53. SNRHA decided to treat Jocelyn disparately with regards to the reclassification/promotion. It is evident that SNRHA and Chad Williams, constantly, disregards its own policies and procedures as well as legal mandates.

54. In fact, SNRHA selectively applies and changes the policies and procedures to fit a certain situation motivated by discriminatory animus.

55. Most abhorrently, Jocelyn is aware that the payroll Specialist received a 10% increase for alleged extra duties.

56. Most appalling, Jocelyn employed as an Accounting Specialist II, yet she was asked to do Payroll Specialist duties for the past ten years; SNRHA fails and refuses to compensate Jocelyn for these extra duties despite her loyalty and dedication to SNRHA.

57. To date, disheartteningly and infuriatingly, Jocelyn was not compensated with additional 10% or full overtime than the current Payroll Specialist receives on a daily, monthly and yearly basis.

58. This is more evidence of the pervasive hostile, disparate and discriminatory environment that SNRHA has created and continues to manifest upon employees, including Jocelyn.

59. Essentially, Jocelyn worked two positions without any compensation for the additional work despite Jocelyn's loyalty to SNRHA. The fact that SNRHA requested Jocelyn to work these two positions demonstrates and validates her hard work and valued employment.

60. Additionally, SNRHA continuously shows preferential treatment coupled with discriminatory actions.

61. For instance, the African-American woman who retains the position as Financial Analyst range 125 was promoted to Accountant pay range 127. Moreover, SNRHA executives assisted, unlawfully allowed and approved the Financial Analyst to receive a 5% increase.

62. For these reasons all of these situations described herein thus far demonstrate the vile continuous discrimination and retaliations that Jocelyn have personally experienced while employed at SNRHA.

63. SNRHA's actions demonstrate that Jocelyn was receiving severe, worse, tormentous treatment than the other employees in Finance Department as well as SNRHA.

64. SNRHA has a constantly and ceaselessly engaged in a discriminatory and retaliatory work environment which is violation of Nevada State Law and Federal Law which is quite shocking given that SNRHA is funded by the Federal Government and State Government and is required to abide by the State and Federal Employment Laws.

65. In this case, Defendant SNRHA has done the exact opposite by subjecting Jocelyn to malfeasance and disparate treatment and retaliatory acts.

66. Defendant SNRHA strategically discriminated, retaliated and exploited Jocelyn for its' own benefit.

67. Often Jocelyn inquired, complained and voiced serious concerns regarding the discrimination, failure to promote and retaliation directly to Human Resources, upper management and supervisors to no avail.

68. However, Jocelyn remains resilient regarding protecting her well established rights under the law.

69. Jocelyn believes that her disparate treatment is due to her race and the retaliation is due to her prior case, complaints of discrimination, inquiries regarding her promotion and demands for equal treatment to Human Resources.

70. Therefore, Defendant's, SNRHA's, actions are in direct violation of the Civil Rights Acts of 1964 and The Americans with Disabilities Act of 1990.

## FIRST CAUSE OF ACTION
### RACE DISCRIMINATION
**(Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq.*)**

71. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 70 as though fully set forth herein.

72. SNRHA knows or should know of its obligation, pursuant to Title VII of the Civil Rights Act, as codified at 42 U.S.C. §2000e, *et seq.*, ("TVIII") to maintain work places free of race discrimination.

73. Defendant failed and continues to fail to take reasonably adequate steps to prevent and correct discrimination based upon race in its workplace in Nevada.

74. Jocelyn is a qualified individual of Asian descent because Jocelyn is of Asian descent she has been ostracized and treated disparately than other African-American co-workers.

75. Moreover, SNRHA's conduct was and still is a scheme intended to defraud Jocelyn based upon her Asian race.

76. Furthermore, the action of failure to promote and failure to provide proper recompense for work demonstrate the racial discrimination in this matter.

77. Most notably, the actions and practices, alleged directly above and stated herein, subjected Jocelyn to disparate and unequal treatment in violation of her civil rights.

78. Defendant failed and continues to fail to take reasonably adequate steps to prevent and correct discrimination based on race in its workplace in Nevada.

79. Jocelyn states that SNRHA is a predominately African-American employed government agency and she has no issues with the predominance of the African-Americans; however she seeks to be treated as equally as they treat themselves.

80. As of now, Jocelyn constantly receives disparate treatment because of her non-African-American race which is unjustifiable and in direct violation of her civil rights.

81. Jocelyn has qualified disabilities under the ADA because Jocelyn has physical and mental impairments that substantially limit one or more of her major life activities.

82. Further Jocelyn has made several requests, reports and emails regarding the discrimination coupled with SNRHA purposefully ignoring said requests for months and frequent denials for reasonable compensation increase and promotions when said position have known availability.

83. Most notably, Defendant SNRHA has no justifiable basis for the denial of the increased compensation or promotion other than Jocelyn's race; especially when there have been many African-American women that have received increased compensation, promotions or both increased compensation and promotion.

84. These facts evidence that because of Jocelyn's Asian race, she has been intentionally precluded from advancing within SNRHA.

85. Defendant SNRHA subjected Jocelyn to disparate treatment by ignoring and inexcusably denying the Plaintiff proper compensation and promotion thereby singling out Jocelyn because of her Asian race.

86. Defendant SNRHA, acting through and with its employees, discriminated illegally against Jocelyn.

87. Jocelyn charges that Defendant SNRHA has discriminated and continued to discriminate against her based on her race in that she is subjected to intentional acts and procedures.

88. Jocelyn experiences and endures actual damages in an amount subject to proof at trial.

89. Defendant's SNRHA actions are intentional and done with willful disregard for the well-established and well-known legal rights of Jocelyn.

## SECOND CAUSE OF ACTION
### RETALIATION 42 U.S.C. § 4000E-3

90. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 89 as though fully set forth herein.

91. Federal Law 42 U.S.C. §2000e-3 specifically prohibits an employer from taking retaliatory action against an employee for attempting to invoke her rights under the Federal Discrimination Laws.

92. Jocelyn expressed her concerns, verbally and written, about the disparate treatment, failure to promote, unjustifiable refusal to properly compensate for extra duties and work for another position, being coerced to work in a different position, refusal to answer correspondence regarding concerns for months and the denial of her ability to receive the same terms and condition of employees similarly situated of employees.

93. After receiving notice of Jocelyn's complaints, Defendant SNRHA, its supervisors, its agents and its employees engaged in discriminatory and retaliatory conduct by constantly subjecting Jocelyn to adverse actions stating one thing yet administering the exact opposite.  For instance, one meeting she can get rid of the extra duties the next meeting that was never said when it is put to writing.

94. SNRHA's actions were derogatory harassment and done in complete retaliation because of a successful prior lawsuit regarding her disability yet SNRHA continues to discriminate and retaliate against Jocelyn unfairly.

95. Defendant's acts, demands and attempts at eliminating Jocelyn's promotion opportunity as well as refusal to proper compensate her and the conniving comments to Jocelyn were demonstrably retaliatory.

96. Defendant's actions were intentional and done with willful disregard for the well-established and well-known rights of Jocelyn as well as completely disregarding the Federal Laws against an employer's retaliatory conduct.

## THIRD CAUSE OF ACTION
### HARASSMENT

97. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 96 as though fully set forth herein.

98. Federal Law 42 U.S.C. §2000e-3 specifically prohibits an employer from taking harassing action against an employee for attempting to invoke her rights under the Federal Discrimination Laws.

99. Harassment is verbal conduct that shows aversion toward an employee because said person's race and that conduct: (1) creates a hostile work environment; (2) unreasonably interferes with the said person's work performance or (3) adversely affects said person's employment opportunities.

100. SNRHA has demonstrated and conducted harassing tactics against Jocelyn.

101. Here, SNRHA has hit the trifecta of harassment against Jocelyn, a loyal employee.

102. First, SNRHA created a hostile for Jocelyn by the outright refusal to address her emails regarding her promotion to Acting Accountant for months while promoting others frequently.

103. Second, SNRHA, after being notified of the additional work that Jocelyn was undertaking that was out of her duties and classification and she deserved loss wages for the years of the additional work she provided to SNRHA, SNRHA failed to provide redress for said notification thereby subtly keeping the known interference with Jocelyn's work performance.

104. Third, SNRHA's conduct of removing the employment opportunity and position because there was no eligible African-American employee was a direct action of harassment toward Jocelyn who was more than capable for said employment opportunity that was adversely affect by SNRHA's Executive Director.

105. These three acts evidence the harassment of Defendant SNRHA.

106. SNRHA's actions were derogatory harassment with successful completion of failing to properly promote Jocelyn and compensate her for wages earned while completing additional work duties outside of her classification.

107. Nonetheless, SNRHA continues to discriminate and retaliate against Jocelyn unfairly.

108. Defendant SNRHA's acts, elimination of employment opportunity as well as refusal to properly compensate her is a pervasive demonstration of harassment.

109. Defendant's actions were intentional and done with willful disregard for the well-established and well-known rights of Jocelyn as well as completely disregarding the Federal Laws against an employer's harassing conduct.

## FOURTH CAUSE OF ACTION
### UNPAID WAGES - VIOLATION OF N.R.S. 608

110. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 109 as though fully set forth herein.

111. Jocelyn asserts that SNRHA has violated *Nevada Revised Statutes* §608.018 which states an employee is entitled to payment for "more than 40 hours in any scheduled week of work" as well as payment for additionally non-classified work.

112. Jocelyn expressed her concerns, verbally and written, about the lack of proper compensation which was ignored and completely dismissed by SNRHA.

113. Defendant SNRHA, failure to rectify and pay Jocelyn the proper wages due and outstanding surmises that SNRHA is in direct violation of N.R.S. §608.018.

114. SNRHA's overt failure to compensate is unjustifiable and illegal.

115. Thus, SNRHA is liable, accountable and responsible for back owed monies to Jocelyn.

116. Defendant's actions were intentional and done with willful disregard for the well-established and well-known rights of Jocelyn as well as completely disregarding the state laws against an employer's violations of Nevada Wage Employment Laws.

## FIFTH CAUSE OF ACTION
### (NEGLIGENT HIRING, SUPERVISION, AND/OR TRAINING OF EMPLOYEES)

117. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 116 as though fully set forth herein.

118. Defendant SNRHA knew of the propensity of its' executives, supervisors, managers and employees to cause emotional and financial injury to employees and therefore has knowledge of their potentially harmful effect upon employees, particularly employees who have a different race, including the Asian non-African-American race.

119. Defendant SNRHA should be aware that its' executives, supervisors, managers and employees created a situation and environment, which placed Jocelyn in danger of having her rights violated. Because of this awareness, Defendant SNRHA should have taken protective measures to stop its executives, supervisors, managers and employees' illegal conduct toward Jocelyn; especially when Jocelyn submitted several inquiries regarding the issues that occurred over several months.

120. SNRHA would have negligent meetings stating one thing then backtracking the statement when said conversation was documented by Jocelyn. SNRHA's conduct became a malicious game of refusal, harassment and taunting of Jocelyn which is unacceptable and unjustifiable.

121. Defendant SNRHA knew that the conduct of its' executives, supervisors, managers, agents and employees might result in a violation of employee's rights and Defendant SNRHA failed to institute sufficiently effective training programs, which may have identified its' executives, supervisors, managers and employees illegal conduct and prevented further recurrences of discrimination including the specific elimination of job opportunities and failure to properly compensate employees.

122. Defendant SNRHA received notice that its supervisors and its employees are engaging in conduct that violates Jocelyn's rights when Jocelyn appropriately emailed and discussed the fact that her rights being violated given the circumstances.

123. Yet, SNRHA failed to properly supervise and restrain its agents, supervisors and employees from their illegal conduct.

124. Defendant, by creating an atmosphere whereby race discrimination, retaliation, harassment, failure to promote and failure to pay are allowed to pervade and in which the ire of its agents, supervisors and employees was raised, knew that its agents, supervisors and employees might cause emotional and financial injury to a fellow employee and thereby authorizes and ratifies such unlawful and tortuous discriminatory conduct toward Jocelyn.

125. As a result of each executive's, supervisor's, manager's, employee's and agent's conduct and based upon the responsibility of Defendant SNRHA, Jocelyn has suffered damages by Defendant and has suffered special, compensatory and punitive damages in an amount subject to proof at trial.

## SIXTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

126. Plaintiff repleads and realleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 125 above as if fully set forth.

127. The aforementioned conduct of Defendant SNRHA is extreme and outrageous and performed with reckless disregard against Jocelyn.

128. That SNRHA knew that such outrageous actions would cause severe emotional harm for Jocelyn, and did in fact cause such harm by exacerbating Jocelyn's mental impairments.

129. The verbal and extensively documented harassment as discussed herein caused Jocelyn's increased mental anguish which is extreme and outrageous given the circumstances.

130. Given the fact that Defendant was fully aware of Jocelyn's fragile mental disabling condition, the retaliatory and harassing conduct is so outrageous and extreme that Defendant SNRHA should be punitively responsible in order to deter such conduct in the future.

131. The instant discriminatory and retaliatory conduct caused Jocelyn severe mental anguish, worry, fear, anxiety and mental distress.

132. As a direct and proximate result of Defendant SNRHA, Jocelyn has suffered damages and she is entitled to recover compensatory damages, exemplary damages and punitive damages related thereto.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays as follows:
1. For a trial by jury on appropriate issues;
2. For all employment-related losses subject to proof;
3. For a declaration that the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, The Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.* and the Nevada state laws claims herein;
4. For compensatory damages in a sum or value in excess of $75,000.00, exclusive of interest and costs;
5. For punitive damages against Defendant SNRHA;
6. For prejudgment interest;
7. For such other and further relief as the Court shall deem just and proper.

## **JURY DEMAND**

Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment of the U.S. Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

This 13th day of October 2020.

JOCELYN WONG
7907 Carson Creek Street
Las Vegas, Nevada 89113
P: 702.477.5238
E: cjkkwong@gmail.com

*Pro Per*

# EXHIBIT 1
# Charge of Discrimination

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 487-2020-00470 |

**NEVADA EQUAL RIGHTS COMMISSION** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| MS. JOCELYN WONG | (702) 477-5238 | 1971 |

Street Address / City, State and ZIP Code
7907 CARSON CREEK STREET, LAS VEGAS, NV 89113

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY | 201 - 500 | (702) 477-3174 |

Street Address / City, State and ZIP Code
340 NORTH 11TH STREET, LAS VEGAS, NV 89101

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **08-14-2019**  Latest **04-23-2020**
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

In or around August 2006, I was hired by Southern Nevada Regional Housing Authority as an Accounting Technician. My current job title is Accounting Specialist II.

From in or around August 14, 2019 to on or about November 18, 2019, I have requested to have my position reclassified/promoted to an Accountant position.

I believe I have been discriminated against because of my Race (Asian), and Retaliated against for engaging in protected activity in violation of the Civil Rights Act of 1964, as amended, my Disability, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally signed by Jocelyn Wong on 05-05-2020 10:41 PM EDT

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   **FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (11/09).

2.   **AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT 2
# Right To Sue Letter



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Las Vegas Local Office**

333 Las Vegas Blvd. South, Suite 8112
Las Vegas, NV  89101
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Las Vegas Direct Dial:  (702) 388-5013
FAX (702) 388-5094
Website:  www.eeoc.gov

A final determination has been made regarding your charge of discrimination.
Enclosed is your Notice of Dismissal and Right to Sue, which gives you the ability
to further pursue your claim in federal court within the time frame indicated. It
should be noted that the issuance of the Dismissal and Notice of Right to Sue was
delayed due to current circumstances regarding COVID-19.

If a private lawsuit is not filed within 90 days of receipt of the Notice of Dismissal,
the right to sue for the charge will be lost and cannot be restored by the EEOC.  If
you wish to obtain a copy of your file, you can request it online through the
FOIAXpress Public Access Link (PAL) at https://publicportalfoiapal.eeoc.gov.
PAL ensures your FOIA request is timely received and allows you to monitor the
status of your request. You may also make your request by mail to U.S. EEOC,
Records Disclosure Unit, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

We hope this information is helpful to you. Unfortunately, there is nothing further
the EEOC can do to assist you with this particular matter.  If you have any
questions or concerns, please call [phone number].

702-388-5013

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jocelyn Wong<br>7907 Carson Creek Street<br>Las Vegas, NV 89113 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

| | ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2020-00470 | Juan N. Serrata,<br>Investigator | (702) 388-5058 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Tamara M. West

Digitally signed by Tamara M. West
DN: cn=Tamara M. West, o=EEOC,
ou=Director-LVLO,
email=tamara.west@eeoc.gov, c=US
Date: 2020.08.12 12:14:10 -07'00'

**Tamara West,**
**Local Office Director**

Enclosures(s)

*(Date Mailed)*

cc:   **Chad Williams**
**Human Resources Manager**
**SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY**
**340 North 11th Street**
**Las Vegas, NV 89101**

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➤ **Only one** major life activity need be substantially limited.

➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should keep a record of this date.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you **file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 – in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*