UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jocelyn Wong,

    Plaintiff

v.

Southern Nevada Regional Housing Authority,

    Defendant

Case No.: 2:20-cv-01910-JAD-VCF

**Order Granting in Part Motion to Dismiss with Limited Leave to Amend**

[ECF No. 19]

    Pro se plaintiff Jocelyn Wong sues her employer, the Southern Nevada Regional Housing Authority (SNRHA), alleging racial discrimination, retaliation, and unpaid wages.[1] SNRHA moves to dismiss Wong's claims or, alternatively, for summary judgment,[2] contending that her racial-discrimination and retaliation claims are insufficiently pled and that no private right of action for unpaid wages exists under Nevada law.[3] Because I find that Wong sufficiently pled her racial-discrimination claim, I deny SNRHA's motion to dismiss it. But I dismiss Wong's retaliation claim without leave to amend because it is insufficiently pled. And I dismiss her unpaid-wages claim because no such private right of action exists under Nevada law; I grant Wong leave to amend if she can sufficiently plead a breach-of-contract claim.

---

[1] ECF No. 18.

[2] At this early stage of litigation, I decline to treat SNRHA's motion as one for summary judgment and instead consider it exclusively under the Federal Rule of Civil Procedure 12(b)(6) motion-to-dismiss standard. "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted). So I do not consider the exhibits attached to SNRHA's motion (ECF Nos. 19-1–19-5).

[3] ECF No. 19.

# Background[4]

Wong, a Vietnamese and Chinese woman, has worked in SNRHA's Finance Department for just over fifteen years.[5] She alleges that she sought a promotion—or reclassification of her position—in 2019 and that SNRHA denied her request because of her race.[6] In 2016, Wong and SNRHA settled an employment-discrimination lawsuit, for which Wong claims SNRHA retaliated against her.[7] She also filed a claim with the Equal Employment Opportunity Commission (EEOC) based on SNRHA's alleged discrimination against her, and she claims that SNRHA's retaliation is, in part, based on that protected activity. She further claims that she has been "coerced" to perform duties outside of her job description, for which SNRHA owes her backpay.[8]

Wong originally pled six claims: (1) racial discrimination; (2) retaliation; (3) harassment; (4) unpaid wages; (5) negligent hiring, supervision, and/or training; and (6) intentional infliction of emotional distress.[9] On SNRHA's motion, I dismissed all but the racial-discrimination claim, granting Wong leave to amend her retaliation and unpaid-wages claims. Wong then filed an amended complaint.[10] Though her racial-discrimination claim is unchanged from her initial

---

[4] This is merely a summary of this case's procedural history and the facts alleged in the amended complaint (ECF No. 18), and it should not be construed as findings of fact.

[5] ECF No. 18 at ¶ 19.

[6] *Id.* at ¶¶ 26–28, 38–70, 82, 85.

[7] *Id.* at ¶ 42.

[8] *Id.* at ¶ 107–11. Wong suggests in her original complaint that she sought payment for uncompensated overtime hours. ECF No. 2 at ¶ 111. Her amended complaint, however, does not contain this allegation and instead focuses on her allegations that she has had to perform duties outside of her job description. ECF No. 18 at ¶¶ 107–11.

[9] ECF No. 2.

[10] ECF No. 18.

complaint, she added factual allegations to supplement her retaliation and unpaid-wages claims.[11]

## Discussion

### I. Legal standard for motion to dismiss

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[12]  While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[13]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[14]  In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[15]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss.  The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[16]  Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[17]  The court must then consider whether the well-pled factual allegations state a

---

[11] *Id.*

[12] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[13] *Twombly*, 550 U.S. at 570.

[14] *Iqbal*, 556 U.S. at 678.

[15] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)) (emphasis in original).

[16] *Iqbal*, 556 U.S. at 678–79.

[17] *Id.*

3

plausible claim for relief.[18]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[19]  A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[20]

**II.     I again deny SNRHA's motion to dismiss Wong's racial-discrimination claim[21] because it is sufficiently pled, as it was when SNRHA moved to dismiss it last time.**

Title VII of the Civil Rights Act of 1964 "tolerates no racial discrimination, subtle or otherwise,"[22] and aims to "assure equality of employment opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of minority citizens."[23]  A plaintiff "must offer evidence that give[s] rise to an inference of unlawful discrimination," and "the amount that must be produced in order to create a *prima facie* case is very little."[24]  To sufficiently plead a prima facie case, a plaintiff must show that: (1) she is part of a racial minority, (2) she applied and was qualified for an open position,

---

[18] *Id.* at 679.

[19] *Id.*

[20] *Twombly*, 550 U.S. at 570.

[21] Wong also alleges that she has qualified disabilities under the Americans with Disabilities Act (ADA) because she "has physical and mental impairments that substantially limit one or more of her major life activities."  ECF No. 18 at ¶ 81.  But Wong does not allege that SNRHA has discriminated against her based on any disability.  So I consider her discrimination claim as a racial one only.

[22] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801 (1973).

[23] *Id.* at 800 (citations omitted).

[24] *Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1110–11 (9th Cir. 1991) (cleaned up) (emphasis in original).

(3) she was denied the position despite her credentials, and (4) the applicant was denied the position while the employer continued seeking similarly-qualified applicants.[25]

I denied SNRHA's first motion to dismiss Wong's racial-discrimination claim because it contained sufficient facts to survive dismissal. Wong re-pled that racial-discrimination claim verbatim in her amended complaint.[26] Accepting as true the well-pled facts in Wong's amended complaint, I again find that she has sufficiently pled her racial-discrimination claim. I decline to consider SNRHA's evidence in support of or argument for summary judgment at this stage of litigation,[27] and I deny SNRHA's motion to dismiss Wong's racial-discrimination claim.

### III. I grant SNRHA's motion to dismiss Wong's retaliation claim because she does not allege a causal connection between her protected activity and SNRHA's retaliation.

To state a prima facie case of retaliation, plaintiffs must show (1) that they "undertook a protected activity under Title VII," (2) defendants subjected them to an adverse employment action, and (3) that there exists "a causal link between the two."[28] As to the third element, the Supreme Court has held that Title VII retaliation claims must meet a stricter standard of causation than discrimination claims.[29] Retaliation "must be proved according to traditional principles of but-for causation," which "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."[30]

---

[25] *McDonnell*, 411 U.S. at 802.
[26] *Compare* ECF No. 2 at ¶¶ 71–89 *and* ECF No. 18 at ¶¶ 71–89.
[27] *See supra* note 2.
[28] *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003).
[29] *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).
[30] *Id.*

I granted SNRHA's motion to dismiss Wong's original retaliation claim because it lacked allegations supporting the first and third elements of retaliation: that she engaged in protected activity and that she suffered adverse employment action because of that activity.  Despite the additions to her amended complaint, the protected activity Wong alleges she engaged in is still unclear.[31]

### A. Wong fails to sufficiently plead a causal connection between her 2016 lawsuit against SNRHA and its denial of a promotion to her years later.

Wong references her "prior lawsuit against SNRHA" and argues that "it is abundantly transparent that [SNRHA's Executive Director] directly discriminated against [her] in retaliation."[32]  She provides no other details about the lawsuit, which concluded in 2016, approximately four years before she alleges SNRHA retaliated against her.  Although "[i]n some cases, temporal proximity can by itself constitute sufficient circumstantial evidence of retaliation for purposes of . . . the prima facie case,"[33] the four-year gap between Wong's lawsuit and SNRHA's alleged retaliation is far too wide to support that inference.  This leaves Wong with no facts to bridge this causal divide between her 2016 employment-discrimination lawsuit against SNRHA and its eventual promotion denial.[34]

### B. Wong fails to sufficiently plead a causal connection between her EEOC complaint and SNRHA's failure to promote her months before.

Wong's allegation that SNRHA retaliated against her for filing an EEOC complaint fails to state a claim because the alleged retaliation occurred *before* she filed that complaint.  Wong

---

[31] ECF No. 18 at ¶¶ 95–101.
[32] *Id.* at ¶ 42.
[33] *Dawson v. Entek Int'l*, 630 F.3d 928, 937 (9th Cir. 2011) (citations omitted).
[34] *See Nassar*, 570 U.S. at 360.

alleges that she requested a promotion—or reclassification of her position—in November 2019, that it was denied in December 2019, and that the requested position was eliminated in January 2020.[35] She theorizes that this employment decision was made in retaliation for an EEOC complaint she filed. But Wong did not file that EEOC complaint until May 5, 2020, so it cannot be the protected activity that forms the basis for her retaliation claim.[36] I therefore grant SNRHA's motion to dismiss Wong's retaliation claim without leave to amend because it does not appear that Wong could cure the claim's causation deficiencies with another round of amendment.

### IV. I grant SNRHA's motion to dismiss Wong's unpaid-wages claim because only the Nevada Labor Commission can enforce the Nevada wage statute.

SNRHA contends that Wong's unpaid-wages claim fails because no private right of action exists under Nevada Revised Statute § 608.100.[37] Wong responds that she has pled a viable claim for unpaid wages and that she "simply mention[ed]" NRS § 608.100 in her amended complaint and "can and will remove [that statutory reference] upon this Court's Order."[38] SNRHA replies that Wong "failed to contest" its private-right-of-action argument, so Local Rule 7-2(d) requires the court to dismiss this claim.[39]

---

[35] ECF No. 18 at ¶¶ 95–98.
[36] *Id.* at 20.
[37] ECF No. 19 at 10–12 (citing *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96 (2008)).
[38] ECF No. 21 at 13.
[39] ECF No. 23 at 7–8 (citing *Corey v. McNamara*, 409 F. Supp. 2d 1225, 1228–29 (D. Nev. 2006)).

### A. Local Rule 7-2(d) does not compel dismissal.

Local Rule 7-2(d) states that "an opposing party" must "file points and authorities in response to any motion," and the failure to do so "constitutes a consent to the granting of a motion."[40] Wong filed a memorandum of points and authorities in response to SNRHA's motion, satisfying the rule.[41] Nothing in the rule provides that a party's failure to respond to an argument made within a broader motion constitutes a concession. I therefore find that SNRHA cannot claim the benefit of Local Rule 7-2(d).

### B. Wong may amend to reframe her NRS § 608.100 claim as a breach-of-contract claim.

NRS § 608.100(1) is a Nevada labor statute that prohibits employers from underpaying their employees.[42] In *Baldonado v. Wynn Las Vegas, LLC*, the Nevada Supreme Court held that NRS § 608.100 does not imply a private cause of action and that plaintiffs seeking relief under this statute must do so it through the Nevada Labor Commissioner's enforcement mechanisms rather than in court.[43] SNRHA relies heavily on *Baldonado* in its motion, touting it as the Nevada Supreme Court's pronouncement that, under "Nevada law[,] there is no private right of action" for unpaid wages.[44] But this oversimplification ignores that the Ninth Circuit evaluated *Baldonado* in *Pitts v. Terrible Herbst, Inc.* to conclude that the statute "does not abrogate Nevada's common law breach[-]of[-]contract action."[45] In *Pitts*, the plaintiff sued his employer

---

[40] LR 7-2(d).
[41] *See* ECF No. 21.
[42] Nev. Rev. Stat. § 608.100(1) (2003).
[43] *Baldonado*, 194 P.3d at 100–05.
[44] ECF No. 19 at 12.
[45] *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1094 (9th Cir. 2011).

8

for breach of contract, alleging failure to pay overtime and a minimum wage.[46] The district court "recast" his breach-of-contract claim "as a statutory claim alleging a violation of" NRS § 608.100 and then dismissed it, reasoning that the statute does not provide a private cause of action.[47] On appeal, the Ninth Circuit reversed. It found that NRS § 608.100 does not abrogate a common-law breach-of-contract claim for unpaid wages because it "imposes liability of a kind that cannot be imposed by a breach[-]of[-]contract action."[48] NRS § 608.100 thus "was meant to complement rather than replace the common law."[49] So, although Wong may not pursue a claim under NRS § 608.100, she retains the ability to either amend her complaint to add a breach-of-contract claim or file a complaint with the Nevada Labor Commissioner. I therefore dismiss Wong's § 608.100 unpaid-wages claim without prejudice to her ability to amend her complaint to substitute a breach-of-contract claim if she can sufficiently plead one.

### C. Leave to amend

Wong is granted limited leave to amend to replead (without change) her racial-discrimination claim and to state a breach-of-contract claim for unpaid wages if she can plead sufficient facts to do so. I caution Wong that she must meet *all* elements of a breach of contract claim and that Nevada is an at-will employment state, so many employees do not have formal contracts with their employers. Wong has not indicated that she is a contract employee, and if she isn't, then she likely could not prevail on a breach-of-contract claim. If Wong files an

---

[46] *Id.* at 1084.

[47] *Id.* at 1094.

[48] *Id.* (citing Nev. Rev. Stat. § 608.195 (2020), which classifies a violation of Nev. Rev. Stat. § 608.100 as a misdemeanor and allows an administrative penalty of up to $5,000).

[49] *Id.*

9

amended complaint, I remind her that the amended complaint would entirely replace her first-amended complaint and should be titled "Second-Amended Complaint."

## Conclusion

IT IS THEREFORE ORDERED that SNRHA's motion to dismiss **[ECF No. 19] is GRANTED in part and DENIED in part**.

- Wong's retaliation claim is **DISMISSED without leave to amend**.

- Wong's unpaid-wages claim is **DISMISSED with leave to amend** to add a breach-of-contract claim if she can sufficiently plead one.  If Wong chooses to file an amended complaint, she must do so by October 9, 2021, and title it "Second-Amended Complaint."  If she fails to file a second-amended complaint by **October 9, 2021**, this case will proceed on her racial-discrimination claim only.

                                                      _____
                                                      U.S. District Judge Jennifer A. Dorsey
                                                                  September 9, 2021