**JOCELYN WONG**
7907 Carson Creek Street
Las Vegas, Nevada 89113
P: 702.477.5238
E: cjkkwong@gmail.com

*Pro Per*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JOCELYN WONG, an Individual,<br><br>       Plaintiff,<br><br>v.<br><br>SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY, a Nevada Quasi-Governmental Agency; DOES 1 through 25, inclusive; and ROE CORPORATIONS 1 through 25, inclusive,<br><br>       Defendants. | **Case No.:  2:20-cv-01910-JAD-VCF** |

### STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER
### (SUBMITTED IN COMPLIANCE WITH LR 26-1(e))

Plaintiff, Jocelyn Wong and Defendant, Southern Nevada Regional Housing Authority, by and through their respective attorneys of record, hereby submit this Stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1(e).

Further, pursuant to Local Rule 26-1(d) and Federal Rule of Civil Procedure 26(f), a conference was held on November 23 , 2021 at 9:19 a.m. and was attended by: JOCELYN WONG, *pro per* and MAHOGANY TURFLEY, ESQ. of the law firm PARKER, NELSON & ASSOCIATES on behalf of Defendant. The parties were able to agree to the following Proposed Discovery Plan:

1. **Date that Defendant First Appeared: November 12, 2020,** which is the date of the filing of Defendant's Motion to Dismiss.

2. **Date to Exchange Initial Disclosures:** Defendants filed Initial Disclosures on **October 20, 2021** prior to the fourteen (14) days after the Rule 26(f) conference in accordance with Rule 26(a)(1)(C). Thereafter, Plaintiff, Jocelyn Wong filed her Initial Disclosures on **October 28, 2021**.

3. **Discovery Plan:** The parties propose the following Discovery Plan

    **Discovery Cut-Off Date:**
    Deadline for *completion* of discovery: **Saturday, May 7, 2022.**

    All discovery will be completed no later than which is 180 days from the date of the completion of the second ENE Settlement Conference which was held on *November 8, 2021* the completion of the stipulated discovery order in order to have time to conduct proper discovery . Discovery will be needed on the claims set forth in the Complaint, as well as the defenses relevant to the action. The parties agree to engage in all permissible discovery as allowed by the Federal Rules of Civil Procedure and Local Rules.

    **LR 26-1(b)(3) Disclosures (Experts):** The parties propose that disclosure of experts shall proceed according to LR 26-1(b)3(D):

    Disclosures concerning experts shall occur **Tuesday March 8, 2022** which is sixty (60) days before the discovery cut-off date; and

    Disclosures respecting rebuttal experts and rebuttal expert reports shall occur on **Thursday, April 7, 2022.**

4. **Amendment of the Pleadings and Adding Parties:** The parties propose that they shall have until **Sunday, February 6, 2022,** to file any motion to amend the pleadings or to add parties. This is ninety (90) days before the discovery cut-off, which is in accordance with LR 26-1(e)(2).

5. **Interim Status Report:** The parties propose that the parties shall file their interim status report by **Tuesday, March 8, 2022**, required by LR 26-3 by, which is sixty (60) days before the discovery cut-off date.

6. **Dispositive Motions:** The parties propose that the parties shall have until **Monday, June 6, 2022**, to file dispositive motions, which does not exceed thirty (30) days after the discovery cut-off date that LR 26-1(b)(4) presumptively set for filing dispositive motions.

7. **Joint Pre-Trial Order:** The parties propose that the parties shall file their joint pre-trial order on or before **Wednesday, July 6, 2022.** In the event dispositive motions are filed, the date for filing the Joint Pre-Trial Order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court pursuant to LR 26-1(b)(5).

8. **FRCP 26(b)(3) Disclosures:** The parties propose that the disclosures required by FRCP 26(a)(3) and any objections there to shall be included in the Pre-Trial Order pursuant to LR 26-1(b)(6).

9. **Settlement Prospects In This Case May Be Enhanced By:** The likelihood of settlement cannot presently be established but the parties will    discuss the possibility of the same.

10. **Alternative Dispute Resolution:** The parties certify that they met and conferred regarding the ADR possibilities in this case; yet this case has had two  Court mandated ENE as required by LR-26-1(b)(7).

11. **Alternative Forms of Case Disposition:** The undersigned counsel herein certify that each has met, conferred and considered to consent to trial by a magistrate judge under and the use of the Short Trial Program as required by LR 26-1(b)(8).

12. **Electronic Discovery:** Pursuant to LR 26-1(b)(9), the undersigned counsel certifies that during the meet and confer they discussed the parties' respective intent to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties do not envision that any significant relevant information is stored in electronic format. Accordingly, the parties agree to produce any electronically stored information in paper and/or pdf format. If the parties learn that electronically stored information is available and would impact this case, the parties will meet and confer about the production of that information in an acceptable format. Thus, the undersigned counsel has yet to reach any stipulation regarding providing discovery in an electronic format.

13. **Inadvertent Disclosures and Confidentiality Issues:** The parties agree to work cooperatively together with regard to Inadvertent Disclosures and Confidentiality Issues. Further, pursuant to Federal Rules of Evidence 502(d) and (e), the parties both agree and request that entry of this order establish that inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information for purposes of this or any other litigation. If a producing party inadvertently produces or otherwise discloses to a receiving party information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned, stricken or otherwise appropriately handled to reverse the inadvertent disclosure. The receiving party shall return all copies of the inadvertently

produced material within five business days of receipt of the request and otherwise cooperate to fulfill this agreement. Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed.  No inadvertent disclosure of privileged or trial preparation material shall operate as a waiver to any claim that the document(s) in privileged.

**14.  Extensions or Modifications of Discovery Plan and Scheduling Order:** In accordance with Local Rule 26-4, a stipulation or motion for modification or extension of this discovery plan and scheduling order must be made no later than twenty-one (21) days before the expiration of the subject deadline.

**15.  Reservation of Rights:** The parties reserve their rights and this discovery plan shall not be deemed to constitute a waiver of their rights concerning the filing of any motion.

Respectfully Submitted By:

DATED this 29th day of November, 2021

/s/ Jocelyn Wong
**JOCELYN WONG**
7907 Carson Creek Street
Las Vegas, Nevada 89113
*E: cjkkwong@gmail.com*
*Attorneys for Plaintiff*

DATED this 29th day of November, 2021

/s/ Mahagony Turfley
**MAHAGONY TURFLEY, ESQ.**
State Bar No.: 013974
**THEODORE PARKER, ESQ.**
State Bar No.: 04716
**PARKER NELSON & ASSOCIATES**
*E: tparker@pnalaw.net*
*E: mturfley@pnalaw.net*
*Attorneys for Defendant*

**IT IS SO ORDERED**:

**DATED** this ___30th___ day of ___November 2021_____.

_____
THE HONORABLE ~~JENNIFER A. DORSEY~~
UNITED STATES MAGISTRATE JUDGE
Cam Ferenbach